**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

SUNSHINE CHILDREN'S LEARNING CENTER,
LLC, on behalf of itself and all others similarly situated,

*Plaintiff,*

v.

WASTE CONNECTIONS OF FLORIDA, INC.,

*Defendant.*

**CIVIL ACTION NO.:**

_____

**NOTICE OF REMOVAL**

Defendant Waste Connections of Florida, Inc. ("Defendant" or "Waste Connections") removes this case from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Civil Division, to the U.S. District Court for the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the basis of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").  As grounds for removal, Waste Connections states the following:

**PROCEDURAL REQUIREMENTS FOR REMOVAL**

1.     Plaintiff Sunshine Children's Learning Center, LLC ("Plaintiff" or "Sunshine") filed the Complaint in this putative class action on September 9, 2021, in the Seventeenth Judicial Circuit in and for Broward County, Florida, Civil Division, Case Number CACE-21-017107.

2.     Waste Connections was served with process on September 13, 2021.  Waste Connections filed this Notice of Removal within thirty days of receipt of the Complaint through service, and the Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

3.      A true and correct copy of all process, pleadings, and orders served upon Waste Connections is attached as Exhibit A.

4.      The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) because the Seventeenth Judicial Circuit in and for Broward County, Florida, where this action was originally filed, is within the federal judicial district for the Southern District of Florida, Fort Lauderdale Division.

## SUBJECT MATTER JURISDICTION

5.      This Court has subject matter jurisdiction over this civil action under CAFA, which provides that a putative class action may be removed on the basis of diversity jurisdiction where:

a.  The suit is a class action "filed under rule 23 of the Federal Rules of Civil Procedure or a similar State statute," 28 U.S.C. § 1332(d)(1)(B);

b.  "[A]ny member of a class of plaintiffs is a citizen of a State different from any defendant," *id.* § 1332(d)(2)(A);

c.  The class members' claims, in aggregate, exceed the sum or value of $5,000,000.00 exclusive of interests and costs, *id.* §§ 1332(d)(2) & 1332(d)(6); and

d.  The number of members of the proposed class exceeds 100, *id.* § 1332(d)(5)(B).

### This case is a "class action" as defined by CAFA.

6.      CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

7.      Plaintiff brings this action as a putative class action under Fla. R. Civ. P. 1.220. *See* Complaint ¶¶ 47-59.  Rule 1.220 is similar to Federal Rule of Civil Procedure 23. *Andrews v. Ocean Reef Club, Inc.*, No. 91-20-575CA18, 1992 WL 205805, at \*1 n.1 (Fla. Cir. Ct. 1992)

(stating that Fla. R. Civ. P. 1.220 is "substantially similar" to FED. R. CIV. P. 23).  This case is therefore a "class action" as defined by CAFA.

**Plaintiff and Defendant are citizens of different states.**

8.      CAFA requires minimal diversity, which may be established when "any member of a class of plaintiffs is a citizen of a State different from any defendant."   28 U.S.C. § 1332(d)(2)(A).

9.      Plaintiff Sunshine is a Florida limited liability company that does business in Tampa, Florida.  Compl. ¶ 9; Exhibit B, Sunshine Florida Corporate Registration.  For the purpose of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen."  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).   Sunshine's registration with the Florida Secretary of State identifies three managing members.  Exhibit B, Sunshine Florida Corporate Registration.  The registration states that the address for two of the members are in Tampa, and the address of the third member is in Georgia.  *Id.*  Waste Connections has confirmed with Plaintiff's counsel that these are Sunshine's only members.  Exhibit C, 9/30/21 email from Plaintiff's counsel Ed Zebersky (stating that Sunshine has three members, all shown on Sunshine's Registration).  Accordingly, on information and belief, Sunshine's members are domiciled in Florida and Georgia, and Sunshine is a citizen solely of Florida and Georgia.

10.      Under 28 U.S.C. § 1332(c)(1), a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."   Waste Connections is incorporated in Delaware, and its principal place of business is The Woodlands, Texas.  Exhibit D, Waste Connections' Florida Corporate Registration; Exhibit E, Waste Connections' Delaware Secretary of State 2020 Annual

Franchise Tax Report; and *see also* Compl. ¶ 10.  Waste Connections is therefore a citizen of Delaware and Texas, and not a citizen of Florida.

11.     CAFA's diversity requirement is satisfied because there is complete diversity of citizenship between Sunshine and Waste Connections.

**The amount in controversy exceeds $5,000,000.00.**

12.     CAFA provides for original jurisdiction where the amount in controversy "exceeds $5,000,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).  In calculating the amount in controversy, "the claims of the individual class members shall be aggregated."  28 U.S.C. § 1332(d)(6).

13.     A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of $5,000,000.00.  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

14.     Plaintiff alleges that it entered a contract for waste disposal services with a predecessor to Waste Connections in 2013.  Compl. ¶¶ 16, 18.  Plaintiff alleges that the contract contains a "Rate Adjustments" provision under which Waste Connections could increase the contract rates. *Id.* ¶¶ 26-27.  Plaintiff asserts that Waste Connections improperly increased its rates under this provision. *See id.* ¶¶ 32-40.  Plaintiff also challenges the rate adjustment provision and other contract terms as "unconscionable and otherwise unenforceable." *Id.* ¶ 7.  Plaintiff, individually and on behalf of the class, asserts claims for Breach of Contract, Breach of Contract – Good Faith and Fair Dealing, Unjust Enrichment, and violation of Florida's Deceptive and

4

Unfair Trade Practices Act.  Plaintiff additionally requests declaratory and injunctive relief to hold the challenged contractual provisions unenforceable.  *Id.* ¶¶ 73-84.

15.     Plaintiff seeks to bring this action on behalf of a class consisting of "[a]ll customers of Waste Connections that were assessed rates or fees in excess of the initial contracted-for amounts."  *Id.* ¶ 47.  The class period for the putative class action is six years prior to the filing of the Complaint.  *Id.* ¶ 50.

16.     Plaintiff's allegations and Prayer for Relief on behalf of each member of the proposed class put all rate increases applied by Waste Connections over the past six years at issue. Plaintiff demands that the Court award Plaintiff and the class "actual, incidental, and consequential damages," "including any and all compensatory damages."  Plaintiff also requests "restitution." Plaintiff requests that the Court "[d]eclare the several challenged contractual provisions to be unenforceable and enjoin their enforcement."  Plaintiff requests attorneys' fees and costs.

17.     The proposed class is poorly defined, but according to the Complaint, may include as many as 400,000 customers of Waste Connections.  Compl. ¶ 51.  Based on the number of potential class members, the amount of damages per contract would only need to be $12.50 in order to satisfy the jurisdictional amount-in-controversy requirement.  Based on the allegations and the relief requested in the Complaint, Plaintiff alleges far more than $12.50 in damages. Accordingly, based on the allegations in the Complaint, the $5,000,000.00 jurisdictional amount-in-controversy requirement is satisfied.

### The putative class includes at least 100 members.

18.     CAFA applies to class actions that are comprise of one hundred (100) or more class members.  28 U.S.C. § 1332(d)(5)(B).

19.     The Complaint alleges that the putative class may include as many as 400,000 Florida customers of Waste Connections.  Compl. ¶ 51.  Based on the allegations in the Complaint, the number of members of the proposed class is well over 100.

Defendant Waste Connections hereby removes the above-captioned case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

DATED this 12th day of October, 2021.

/s/ Samuel L. Felker
Samuel L. Felker, Esq.
Florida Bar No. 123800
Desislava K. Docheva, Esq.
Florida Bar No. 1010440
**Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC**
1 Financial Plaza, Suite 1620
Fort Lauderdale, Florida 33394
Telephone: (954) 768-1600
Facsimile: (954) 337-7636
samfelker@bakerdonelson.com
ddocheva@bakerdonelson.com

Eric L. Klein, Esq. (*pro hac forthcoming*)
Megan R. Brillault, Esq. (*pro hac forthcoming*)
James B. Slaughter, Esq. (*pro hac forthcoming*)
Casey T. Clausen, Esq. (*pro hac forthcoming*)

**BEVERIDGE & DIAMOND, P.C.**
1350 I Street, N.W., Suite 700
Washington, DC 20005-3311
Telephone: (202) 789-6000
Facsimile: (202) 789-6190
eklein@bdlaw.com
mbrillault@bdlaw.com
jslaughter@bdlaw.com
cclausen@bdlaw.com

*Counsel for Defendant
Waste Connections of Florida, Inc.*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Removal was filed electronically and was sent by e-mail to all counsel/parties of record listed below, on October 12, 2021.

ZEBERSKY PAYNE SHAW LEWENZ, LLP
Edward H. Zebersky, Esq.
Mark S. Fistos, Esq.
110 Southeast 6th Street
Suite 2900
Fort Lauderdale, FL 33301
ezebersky@zpllp.com
mfistos@zpllp.com

/s/ Samuel L. Felker
Samuel L. Felker

7