UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-62123-BLOOM/Otazo-Reyes

SUNSHINE CHILDREN'S
LEARNING CENTER, LLC,
*on behalf of itself and all others similarly situated*

      Plaintiff,

v.

WASTE CONNECTIONS OF FLORIDA, INC.,

      Defendant.
_____/

## ORDER ON MOTION TO STAY DISCOVERY

**THIS CAUSE** is before the Court upon Defendant Waste Connections of Florida, Inc.'s ("Defendant") Motion for Temporary Stay of Discovery, ECF No. [43] ("Motion").[1] Plaintiff Sunshine Children's Learning Center, LLC ("Plaintiff") filed a Response in Opposition, ECF No. [50] ("Response"), to which Defendant replied, ECF No. [53] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

---

[1] Defendant's Motion to Dismiss Amended Complaint and to Strike Class Allegations, ECF No. [40] ("Motion to Dismiss"), became ripe for this Court's consideration on December 22, 2021. *See* ECF Nos. [40], [48], & [52].

"Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012).

"While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53. However, "a motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case." *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008). Further, "discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014).

Here, Plaintiff asserts two counts against Defendant: breach of contract ("Count I") and breach of good faith and fair dealing ("Count II"). *See* ECF No. [35] ¶¶ 54-67. Plaintiff also asserts class allegations. *See id.* ¶¶ 44-53. Defendant argues that a stay of discovery is appropriate because its pending Motion to Dismiss, which seeks dismissal for failure to state a claim for relief, will be case dispositive. *See* ECF No. [43] at 2. Defendant's argument relies in part on the opinion of the Court of Appeals for the Eleventh Circuit *Chudasama v. Mazda Motor Corp.*, which held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." 123 F.3d 1353, 1367 (11th Cir. 1997) (footnote omitted); *see also* ECF No. [43] at 4-5. According to Defendant, because its Motion to Dismiss will dispose of Plaintiff's claims, a stay is warranted in

order to avoid needlessly expending significant resources for discovery. *See id.* at 7-8. Defendant argues, in the alternative, that a partial stay of discovery is warranted as it relates to customers other than Plaintiff because the scope of discovery will be significantly narrowed if the Court grants Defendant's request to strike class allegations in its Motion to Dismiss. *See id.* at 6-7.

However, Defendant's reliance on *Chudasama* is misplaced. *Chudasama* does not state a general rule that discovery should be stayed pending resolution of a dispositive motion. *See Reilly v. Amy's Kitchen, Inc.*, No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) ("[T]here is no general rule that discovery be stayed while a pending motion to dismiss is resolved."); *see also Gannon v. Flood*, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (*Chudasama* "does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss."); *Bocciolone*, 2008 WL 2906719, at *1 ("[C]ourts have consistently rejected any *per se* requirement to stay discovery pending resolution of a dispositive motion."). In fact, "[m]otions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013); *see also Ray*, 2012 WL 5471793, at *3 (explaining that the *Chudasama* court "confronted a very specific situation involving a threefold problem – unjustifiable delay by the district court in ruling on the motion to dismiss, an erroneous decision to compel discovery from the defendant prior to adjudicating the motion to dismiss, and an especially dubious fraud claim that was likely to be dismissed"). Unlike the exceptional circumstances presented in *Chudasama*, where the district court did not rule on a motion to dismiss for over a year and a half, in this case, Defendant's Motion to Dismiss has only been ripe since December 22, 2021. *See* ECF No. [52].

Further, upon a preliminary peek of the Motion to Dismiss, the Court is unpersuaded that the Motion to Dismiss is so "clearly meritorious and truly case dispositive" that a stay of discovery would be justified. *Feldman*, 176 F.R.D. at 652-53. First, Defendant's Motion to Dismiss is primarily predicated on a factual dispute regarding notice of a rate increase pursuant to a contract between the Parties and whether the failure to provide notice constituted a material breach of the contract. *See* ECF No. [43] at 6 ("[T]he outstanding questions for this Court on the motion to dismiss are whether Waste Connections failed to provide advance written notice, and if so, whether such a failure adequately states a claim for a material breach of contract."). Defendant appears to argue that Defendant's monthly invoices reflecting increased rates remedied any failure to provide advance notice to Plaintiff, and that, at most, the invoices created a 30-day delay in notice of the increased rates, which was not a material breach. *See* ECF No. [40] at 2, 15. However, as Plaintiff correctly argues, a factual dispute regarding the adequacy of notice cannot be addressed on a motion to dismiss. *See* ECF No. [50] at 6 (citing *Pietoso, Inc. v. Republic Servs., Inc.*, No. 4:19-CV-00397-JAR, 2021 WL 5177357, *4 (E.D. Mo. Nov. 8, 2021) (holding that the court cannot determine, on Rule 12(b)(6) motion, whether defendant's notice through an invoice sufficiently informed plaintiff of price increases); *Salem Homes of Fla., Inc. v. Res-Care, Inc.*, 3:19-CV-333-J-39MCR, 2020 WL 11362262, at *10 (M.D. Fla. Mar. 30, 2020) (holding that the adequacy of notice is a fact issue that cannot be determined on a motion to dismiss)).

In addition, Plaintiff persuasively argues that determining whether an alleged breach is material is a matter of contract interpretation that cannot be decided on a motion to dismiss. *See* ECF No. [50] at 7 (citing *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1312 (S.D. Fla. 2014); *Roofing Experts of S. Fla., Inc. v. USAA Cas. Ins. Co.*, No. 19-80653-CIV, 2019 WL 7881719, at *2 (S.D. Fla. Aug. 15, 2019); *Geter v. Galardi S. Enters., Inc.*, 43 F. Supp. 3d 1322,

1328 (S.D. Fla. 2014); *Larach v. Standard Chartered Bank Int'l (Americas) Ltd.*, 724 F. Supp. 2d 1228, 1239 (S.D. Fla. 2010)). In this case, although Defendant argues that the 30-day delay in informing Plaintiff of the rate increases through invoices is not a material breach, *see* ECF No. [52] at 5, determining the materiality of a breach requires an interpretation of the contract, which is not possible at this stage of the proceedings.[2] Therefore, a preliminary peek at the Motion to Dismiss indicates that the resolution of the Motion to Dismiss will not be truly case dispositive.[3]

Even if the Court were to grant the Motion to Dismiss pursuant to Rule 12(b)(6), Plaintiff may be granted leave to amend. Thus, a resolution of the Motion to Dismiss in Defendant's favor is still unlikely to be case dispositive. *See Datto v. Fla. Int'l Univ. Bd. of Trs.*, No. 20-cv-20360, 2020 WL 3576195, at *2 (S.D. Fla. July 1, 2020) ("Here, the Court cannot conclude at this juncture that Defendant's motion to dismiss will be granted and, even if so, whether such dismissal would be of the Complaint its entirety and with prejudice."); *see also Renuen Corp.*, 2015 WL 1138462, at *2 ("Even if the Court assumes Lerman's motion to dismiss the RICO count will be granted the likelihood that Plaintiffs will not be given leave to amend is slim and none. Therefore, regardless of their merit, the motions to dismiss are not truly case dispositive."); *Sprint Sols., Inc. v. Cell Xchange, Inc.*, 8:14-cv-233-T-27AEP, 2014 WL 4947819, at *2-3 (M.D. Fla. Oct. 1, 2014) (holding that a stay of discovery is not warranted when it is unclear whether the motion to dismiss

---

[2] Plaintiff argues that the invoices do not provide sufficient notice because they do not specify whether the increase in rate was due to non-objectionable rate changes under paragraph 5(a) of the contract or objectionable rate changes under paragraph 5(b), and that insufficient notice through invoices constitutes a material breach. *See* ECF No. [48] at 6.

[3] To the extent that Defendant avers that the Court should consider the applicability of the voluntary payment doctrine in the Motion to Dismiss, the Court is not persuaded. *See* ECF No. [40] at 19, n.8. As Plaintiff rightly notes, "the voluntary payment doctrine is an affirmative defense that may not be raised on a motion to dismiss, as it entails a fact-based inquiry not suited for resolution on a Rule 12(b)(6) motion." ECF No. [48] at 14 (quoting *Deere Constr., LLC v. Cemex Constr. Materials Fla., LLC*, 198 F. Supp. 3d 1332, 1342 (S.D. Fla. 2016) and *United States v. Cayman Vill. Condo. Ass'n, Inc*., 12-61797-CIV, 2013 WL 1665846, at *1 (S.D. Fla. Apr. 17, 2013)). As such, a determination regarding the applicability of the voluntary payment doctrine, which Defendant partly relies on in the Motion to Dismiss, is not possible at this stage of the proceedings and therefore unlikely to result in the dismissal of Plaintiff's claims.

would dispose of the entire case); *Bocciolone*, 2008 WL 2906719, at *2 ("[A] motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case.").

Next, Defendant argues, in the alternative, that a partial stay of discovery is warranted as it relates to customers other than Plaintiff because the scope of discovery will be significantly narrowed if the Court were to strike class allegations. *See* ECF No. [43] at 7. However, the dismissal of class allegations at the pleading stage "is an extreme remedy appropriate only where a defendant demonstrates from the face of the complaint that it will be impossible to certify the classes alleged by the plaintiff regardless of the facts that the plaintiff may be able to prove." *Randy Rosenberg, D.C., P.A. v. GEICO Gen. Ins. Co.*, No. 19-CV-61422, 2019 WL 6828150, at *6 (S.D. Fla. Dec. 13, 2019) (citations and internal quotations omitted). In this case, the Amended Complaint alleges that the purported class members are governed by form contracts, Defendant implemented uniform pricing increases in conflict with the form contracts without any advance notice, and the customers can be identified by electronically stored information. *See* ECF No. [35] ¶¶ 15, 42-43, 48. Therefore, based on a preliminary peek of the Motion to Dismiss, it will not be "impossible" to certify the class, dismissal of class allegations at the pleading stage is not warranted, and the scope of discovery is not likely to be narrowed significantly to warrant a partial stay of discovery.

Lastly, the Court is unpersuaded by Defendant's contention that its participation in discovery before the resolution of the Motion to Dismiss will be unduly burdensome or prejudicial. *See* ECF No. [43] 7-10. The Court is confident that any such prejudice will be minimized by the prompt resolution of Defendant's Motion to Dismiss.

> In the interim, nothing herein should be construed as a blank check for Plaintiff[] to burden or harass [Defendant] with ridiculous discovery requests. Should that come to pass, the multitude of tools provided by the discovery rules remain at [Defendant's] disposal. Any appropriate motions seeking protection or

relief from discovery may be addressed by the Magistrate Judge, under this Court's automatic reference of such matters. That will allow particularized discovery issues to be addressed and resolved on a case-by-case basis, which is a more prudent approach than an indiscriminate blanket stay of discovery.

*Ray*, 2012 WL 5471793, at *4; *see also S.K.Y. Mgmt. LLC v. Greenshoe, Ltd.*, No. 06-21722-CIV, 2007 WL 201258, at *3 (S.D. Fla. Jan. 24, 2007) ("The denial of the pending motion does not mean, of course, that the Defendant cannot argue for reasonable limitations on the scope of discovery, at least at the beginning stages of the case. . . . Similarly, if the scope of the discovery requested far exceeds what would be reasonable in a straightforward case like this, then the Court may provide the Defendant with relief."); *Renuen Corp.*, 2015 WL 1138462, at *2 (objectionable discovery requests "may be grounds for a motion for protective order, but not a stay").

In sum, the Court concludes that a stay of discovery is not warranted. Indeed, "[a] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). The Court will address Defendant's Motion to Dismiss in due course but, for now, discovery may proceed.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [43]**, is **DENIED**. The Parties shall proceed with discovery pending the resolution of Defendant's Motion to Dismiss, and all dates and deadlines shall remain the same.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 6, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record