**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-62123-BLOOM/Valle**

SUNSHINE CHILDREN'S
LEARNING CENTER, LLC,
*on behalf of itself and all others similarly situated*

      Plaintiff,

v.

WASTE CONNECTIONS OF FLORIDA, INC.,

      Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Waste Connections of Florida, Inc.'s ("Defendant") Motion to Dismiss Amended Complaint and to Strike Class Allegations, ECF No. [40] ("Motion"). Plaintiff Sunshine Children's Learning Center, LLC ("Plaintiff") filed a Response in Opposition, ECF No. [48] ("Response"), to which Defendant replied, ECF No. [52] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.    BACKGROUND**

Plaintiff filed its First Amended Complaint ("Complaint") on November 17, 2021, asserting two counts against Defendant: breach of contract ("Count I"); and breach of the covenant of good faith and fair dealing ("Count II"). *See generally* ECF No. [35]. The basis for Plaintiff's claims against Defendant is that Defendant increased its rates in breach of the Parties' contract ("Contract") and in breach of the covenant of good faith and fair dealing. *See id.* The Contract enumerates two categories of rate increases:

> 5) Rate Adjustments.
>
> (a) Contractor may increase the rates and/or charges set out on the front of this Agreement and Customer agrees to pay the increased charges and/or rates provided that such increased charges and/or rates are base [*sic*] upon increased costs to Contractor including as a result of increases in any one or more of the following: disposal facility costs, landfill costs (including due to recycling costs or otherwise), fuel costs or surcharges, transportation costs, increases in fees or taxes imposed by local, state or federal governments and costs of regulatory compliance. "Landfill costs" means and includes all costs of disposal, however and whenever incurred by Contractor in respect of [*sic*] the disposal of Waste Materials collected from Customer. Without limiting the generality of the foregoing, disposal costs shall include the costs of disposal incurred by Contractor may [*sic*] also increase the rates and/or charges annually to reflect increases in the Consumer Price Index.
>
> (b) Adjustments to the rates and/or charges set out on the front of this Agreement other than as provided in Section 5 (a) hereof may be made by the Contractor by giving the Customer thirty (30) days prior written notice. Such rate adjustment will be effective on the date specified in the Contractors' notice unless the Customer gives written notice that it objects to the proposed adjustment within 15 days of receipt of the Contractor's notice. If the Customer gives written notice of objection pursuant to this subsection (b), this Agreement shall continue at the previous rate, but the Contractor may, at any time thereafter, terminate this Agreement by giving the Customer thirty (30) days prior written notice.

ECF No. [35] ¶ 26; *see also* ECF No. [35-1] at 3. Plaintiff also asserts class representation allegations. *See* ECF No. [35] ¶¶ 44-53.

Defendant now moves to dismiss each Count in the Complaint. Defendant contends that the Contract permits rate increases, Defendant provided adequate notice of rate increases through invoices, the voluntary payment doctrine applies, and Plaintiff fails to allege any damages. Defendant also argues that the Court should dismiss class representation allegations. Plaintiff responds that the rate increases required a corresponding increase in costs or prior notice, neither of which occurred, that issues regarding materiality, adequacy of notice, and the voluntary payment doctrine cannot be addressed in a motion to dismiss, and that the Complaint does allege damages. Plaintiff also argues that the Court should reject challenges to class certification at this stage of the proceedings.

Case No. 21-cv-62123-BLOOM/Valle

I.     **LEGAL STANDARD**

   **A.  Failure to State a Claim**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929, (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *Id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim.

*See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### B. Class Certification

District courts have broad discretion in deciding whether to certify a class. *Washington v. Brown & Williamson Tobacco Corp.,* 959 F.2d 1566, 1569 (11th Cir. 1992). To certify a class action, the putative class must satisfy "the four requirements listed in Rule 23(a), and the requirements listed in any of Rule 23(b)(1), (2), or (3)." *Karhu v. Vital Pharm., Inc.,* 621 F. App'x 945, 946 (11th Cir. 2015) (citing *Little v. T–Mobile USA, Inc.,* 691 F.3d 1302, 1304 (11th Cir. 2012)); *see also Fitzpatrick v. General Mills, Inc.,* 635 F.3d 1279, 1282 (11th Cir. 2011) ("[T]he putative class must meet each of the four requirements specified in [Rule] 23(a), as well as at least one of the three requirements set forth in [Rule] 23(b)."); *Rutstein v. Avis Rent–A–Car Sys., Inc.,* 211 F.3d 1228, 1233 (11th Cir. 2000) ("A class action may be maintained only when it satisfies all of the requirements of Fed. R. Civ. P. 23(a) and at least one of the alternative requirements of Rule 23(b)." (quoting *Jackson v. Motel 6 Multipurpose, Inc.,* 130 F.3d 999, 1005 (11th Cir. 1997)). "A district court must conduct a rigorous analysis of the Rule 23 prerequisites before certifying a

class." *Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256, 1266 (11th Cir. 2009) (quoting *Castano v. Am. Tobacco Co.,* 84 F.3d 734, 740 (5th Cir. 1996)).

## II.   DISCUSSION

### A.  Failure to State a Claim

#### i.   Count I

In Count I, Plaintiff asserts a breach of contract claim against Defendant. *See* ECF No. [35] ¶¶ 54-59. Defendant argues that Plaintiff fails to state a breach of contract claim because: (1) the Contract allows Defendant to raise rates in the absence of an objection; (2) delayed notice of rate increases is not a material breach; (3) the voluntary payment doctrine bars the claim; and (4) Plaintiff fails to allege that it was damaged by the alleged breach. *See* ECF No. [40] at 13-23. Plaintiff argues that: (1) the Complaint states a breach of contract claim by alleging that Defendant breached Section 5(a) of the Contract; (2) materiality and adequacy of notice cannot be decided in a motion to dismiss; (3) the plain language of the Contract refutes Defendant's argument regarding materiality, contractual conditions, and damages; and (4) the voluntary payment doctrine cannot be considered at this stage of the proceedings. *See* ECF No. [48] at 7-16. The Court addresses Defendant's arguments in turn.

##### a.   Allegations of a Breach

As a preliminary matter, the Court notes that, under Florida law, "an adequately pled breach of contract action requires three elements: (1) a valid contract; (2) a material breach; and (3) damages." *1100 Millecento Residences Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 21-CV-23424, 2021 WL 5205956, at *2 (S.D. Fla. Nov. 9, 2021) (Bloom, J.) (quoting *Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008); *Grove Isle Ass'n, Inc. v. Grove Isle*

*Assocs., LLLP*, 137 So. 3d 1081, 1094-95 (Fla. 3d DCA 2014)). Neither Party contests the existence of a valid contract.

Instead, Defendant first argues that Plaintiff fails to allege a breach because the Contract allows Defendant to raise rates. *See* ECF No. [40] at 14-15. According to Defendant, the Complaint alleges that the rate increases were not Section 5(a) rate increases, and any alleged breach must have been a breach of Section 5(b). *See id.* Section 5(b) allows Defendant to raise rates unless Plaintiff objects, and Plaintiff never alleges that Plaintiff objected to the rate increases. *See id.* As such, Defendant argues that Plaintiff fails to allege that Defendant breached Section 5(b). *See id.* ("Waste Connections acted as envisioned under Section 5(b)."). Further, Defendant argues that the Complaint alleges that Plaintiff received monthly invoices with increased rates, which constitute compliance with the notice requirement of Section 5(b). *See id.* at 15 ("Sunshine's pleading concedes that it received actual notice of service rate increases, via monthly invoicing.").

Plaintiff responds that the Complaint does not allege that the rate increases were not Section 5(a) rate increases. *See* ECF No. [48] at 8. Rather, Plaintiff argues that if the rate increases were Section 5(a) rate increases, then Defendant breached the Contract because there were no corresponding cost increases to pass through to Plaintiff. *See id*. Plaintiff also argues that to the extent that the rate increases were Section 5(b) rate increases, the invoices did not provide sufficient notice as envisioned in the Contract, and Defendant therefore violated the notice requirement for Section 5(b) irrespective of the invoices. *See id.* at 13.[1]

The Court agrees with Plaintiff. The Complaint alleges that Defendant's rate increases were a breach of Section 5(a) or Section 5(b). *See* ECF No. [35] ¶ 4 (alleging that the rate increases did

---

[1] As noted below, Plaintiff contends that the Court cannot address the adequacy of notice at this stage of the proceedings and argues that the invoices are not sufficient notice only in the alternative. *See* ECF No. [48] at 9-10, 13.

not meet the requirements of Section 5(a) "and/or" Section 5(b)). Defendant misconstrues paragraph 34 of the Complaint to argue that Plaintiff alleges that Section 5(a) was not breached. *See* ECF No. [40] at 14. In paragraph 34, Plaintiff alleges that because there was no advance notice of rate increases as required by Section 5(b), Defendant's rate increases "must have thus complied with [Section] 5(a) to comply with Plaintiff's contract." *See* ECF No. [35] ¶ 34. Section 5(a) rate increases, in turn, require corresponding cost increases to pass through to Plaintiff, and because there were no cost increases, Plaintiff alleges that Defendant breached Section 5(a). *See id.* ("[B]ecause the increase was not preceded by prior written Notice, it did not satisfy [Section] 5(b) and could only have possibly been a [Section] 5(a) increase. But this increase did not satisfy the conditions stated in [Section] 5(a) either . . . . Hence, the increase breached the contract."). In other words, Plaintiff alleges that Defendant breached either Section 5(a) or Section 5(b). Furthermore, it is apparent that Plaintiff alleges its claims in such a manner because Defendant never informed Plaintiff of the reason for the rate increases. *See id.* ("Defendant's general policy and practice during all relevant times has in fact been ***not*** to provide prior written Notice of its increases." (emphasis in original)); *see also id.* ¶¶ 38-40. By alleging either a breach of Section 5(a) or Section 5(b), Plaintiff adequately alleges a breach of the Contract.[2,3]

---

[2] To the extent that Defendant argues that Defendant can never breach Section 5(a) because it "contains no promise or obligation that [Defendant] is bound to perform," ECF No. [52] at 4, the Court is not persuaded. If Defendant designated a rate increase as a Section 5(a) rate increase, when there was no corresponding increase in costs to pass through, then Defendant would have breached Section 5(a).

[3] Lastly, the Court is not persuaded by Defendant's argument that the plain language of the Contract does not require Defendant to explain its service rate increases. *See* ECF No. [40] at 15. The Contract requires Defendant to provide advance notice of rate increases for Section 5(b) increases but not Section 5(a) increases. ECF No. [35] ¶ 26; *see also* [35-1] at 3. Therefore, any advance notice of a rate increase would have effectively been an explanation that the rate increase was a Section 5(b) rate increase. Because the plain language of the Contract requires advance notice of only Section 5(b) rate increases, Defendant was required to at least provide an explanation of whether the rate increase was a Section 5(b) rate increase by providing advance notice of Section 5(b) rate increases.

**b. Allegations of Materiality**

Defendant next argues Plaintiff fails to plead that any alleged breach was material. Defendant contends that the delayed timing of the notice of rate increases, through its monthly invoices reflecting increased rates, was not a material breach. *See* ECF No. [40] at 15-19. Defendant argues that the invoices provided adequate notice of the rate increases and that the delayed timing of the rate increases is not a material breach because Plaintiff could still exercise its right to object to the rate increases. *See id.* Plaintiff disputes Defendant's interpretation of the Contract and argues that materiality and adequacy of notice cannot be determined at this stage of the proceedings. *See* ECF No. [48] at 9-14.

The Court agrees with Plaintiff. The disputed materiality of the alleged breach and the adequacy of notice are factual issues, which cannot be determined when addressing a motion to dismiss. *See Salem Homes of Fla., Inc. v. Res-Care, Inc*., 3:19-CV-333-J-39MCR, 2020 WL 11362262, at *10 (M.D. Fla. Mar. 30, 2020) (holding that the adequacy of notice is an issue of fact that cannot be determined on a motion to dismiss). Further, to the extent that the Parties have differing interpretation of the Contract, the Court cannot address such issues at this stage of the proceedings. *See Managed Care Solutions, Inc. v. Cmty. Health Sys., Inc.,* No. 10–60170–CIV, 2011 WL 6024572, at *8 (S.D. Fla. Dec. 2, 2011) ("A determination of the proper interpretation of the contract should be decided at the summary judgment stage, not in a ruling on a[ ] motion to dismiss." (alteration added)); *Geter v. Galardi S. Enters., Inc*., 43 F. Supp. 3d 1322, 1328 (S.D. Fla. 2014).

To survive a motion to dismiss, Plaintiff only needs to allege the elements of a breach of contract claim. Plaintiff's allegation that Defendant did not send advance notice of rate increases – other than through monthly invoices, which allegedly did not constitute proper notice as

contemplated by the Contract – and that Defendant consequently foreclosed Plaintiff's right to object to overcharges is sufficient to allege a material breach for the purposes of surviving a motion to dismiss.[4]

### c. Voluntary Payment Doctrine

Defendant argues that the voluntary payment doctrine bars Plaintiff's claims because Plaintiff voluntarily paid the increased rates. *See* ECF No. [40] at 19-21. Plaintiff relies on *Deere Constr., LLC v. Cemex Constr. Materials Fla., LLC*, 198 F. Supp. 3d 1332, 1342 (S.D. Fla. 2016), to argue that "the voluntary payment doctrine is an affirmative defense that may not be raised on a motion to dismiss, as it entails a fact-based inquiry not suited for resolution on a Rule 12(b)(6) motion." ECF No. [48] at 14; *see also United States v. Cayman Vill. Condo. Ass'n, Inc*., 12-61797-CIV, 2013 WL 1665846, at *1 (S.D. Fla. Apr. 17, 2013) ("[T]he relevant case authorities make plain, the issue of voluntary payment often entails a fact-based inquiry and is not suited for resolution at the dismissal stage."). Defendant argues that the voluntary payment doctrine can be considered at this stage of the proceedings because all of the relevant facts are apparent from the face of the Complaint. *See* ECF No. [40] at 19-20, n.8; *see also* ECF No. [52] at 10.

The Court agrees with Defendant to the extent that the Court can consider the voluntary payment doctrine in the context of a motion to dismiss if all the relevant facts are evident from the Complaint. However, in this case, all the relevant facts are not evident from the Complaint. As Plaintiff correctly notes, "[t]he voluntary payment doctrine requires the party asserting it to show

---

[4] Defendant appears to cite *Vorst v. TBC Retail Grp., Inc*., 2012 WL 13026643, at *3 (S.D. Fla. Apr. 12, 2012), for the proposition that Plaintiff must allege the materiality of a breach. *See* ECF No. [40] at 18. However, the Court notes that *Vorst* did not impose such a requirement on the plaintiff. The court in *Vorst* did not analyze the materiality of any breach. *See* 2012 WL 13026643. Instead, after a relatively brief discussion of the breach of contract claim, the court granted the motion to dismiss because the plaintiff failed to identify any provision of the contract that was breached, not because the plaintiff failed to allege the materiality of any alleged breach. *See id.* In this case, Plaintiff identified specific provisions of the Contract that were allegedly breached. *See* ECF No. [35] ¶ 34. Therefore, *Vorst* is inapposite.

that the person who made the payment had full knowledge of the relevant facts, including allegedly wrongful conduct." ECF No. [48] at 14 (quoting *Carrero v. LVNV Funding, LLC*, No. 11-62439-CIV, 2014 WL 6433214, at *6 (S.D. Fla. Oct. 27, 2014)). The Complaint alleges that Plaintiff did not have "full knowledge of the facts." ECF No. [35] ¶ 40. As discussed above, Plaintiff includes specific allegations that Plaintiff was unaware of the reason for the rate increases. *See id.* Because Plaintiff alleges not to have had full knowledge of the relevant facts, all of the necessary facts for the voluntary payment doctrine are not evident from the Complaint. Therefore, the Court cannot consider the voluntary payment doctrine in addressing the Motion to Dismiss.[5] Defendant may, of course, raise the issue again at summary judgment.[6]

### d.  Allegations of Damages

Defendant contends that Plaintiff fails to allege that it suffered damages due to the alleged breach. *See* ECF No. [40] at 21. Defendant's argument is premised on the contention that the notice provision does not provide that "time is of the essence," and that the delayed notice did not discharge Plaintiff's reciprocal performance obligation. *See id.* at 21-22.[7] According to Defendant, Plaintiff could have also simply objected to all rate increases upon receiving delayed notice, and therefore Plaintiff did not lose its right to object to Section 5(b) rate increases. *See id.* Defendant

---

[5] To the extent that Defendant relies on *Sanchez v. Time Warner, Inc.*, 1998 WL 834345, at *2 (M.D. Fla. Nov. 4, 1998), to argue that the Court can consider the voluntary payment doctrine on a motion to dismiss, *see* ECF No. [40] at 19, n.8, the Court is not persuaded. In *Sanchez*, all of the necessary facts were apparent from the face of the complaint. *See* 1998 WL 834345, at *2 ("It is apparent from Plaintiff's Amended Complaint that she entered into a contract with Defendant. Additionally, it is clear from her Amended Complaint that Plaintiff knew failure to pay her bill within the time frame specified in Defendant's 'Payment Policy' would trigger the assessment of a $6.00 late charge. Further, Plaintiff admits Defendant assessed her with at least one late charge, which she paid. These facts implicate the voluntary payment rule and act to bar the claims alleged."). Therefore, the plaintiff had full knowledge of the relevant facts in *Sanchez*. As discussed above, the same cannot be said in this case.
[6] The Court need not address Plaintiff's arguments in the alternative for why the voluntary payment doctrine is not applicable in this case.
[7] Following Defendant's logic, Plaintiff was obligated to pay the increased rates and suffered no damages when it chose to satisfy its contractual obligations.

10

lastly argues that the Complaint only alleges damages for "customers," rather than Plaintiff specifically. *See id.* at 10 (citing ECF No. [35] ¶ 30). Plaintiff argues that the Court cannot determine the adequacy of the delayed notice in addressing a motion to dismiss. *See* ECF No. [48] at 9. Plaintiff also argues that without being informed of whether the rate increases were due to Section 5(a), for which Plaintiff could not object, or due to Section 5(b), for which Plaintiff could object, Plaintiff could not exercise its right to object. *See id.* at 12. Plaintiff also notes that the Complaint alleges that Plaintiff suffered damages in the form of massive overcharges. *See id.* at 6.

The Court agrees with Plaintiff. First, as noted above, in addressing a motion to dismiss, the Court cannot engage in contract interpretation to determine whether the notice provision implicitely provides that "time is of the essence." *See Managed Care Solutions, Inc.,* 2011 WL 6024572, at *8. As such, Defendant's argument that the notice provision does not provide that "time is of the essence" is unavailing at this stage of the proceedings. Next, the Complaint alleges that "Plaintiff and Class Members" paid massive overcharges, and that as a result, "Plaintiff seeks damages." *Id.* ¶¶ 4, 6, 7. As such, Plaintiff alleges its own damages for the breach of contract claim.[8]

The Complaint also alleges that Plaintiff was not informed of whether the rate increases were pursuant to Section 5(a) or Section 5(b), and as a result, Plaintiff could not exercise its right to object to Section 5(b) rate increases. *See* ECF No. [35] ¶ 29. The Court is not persuaded by Defendant's argument that Plaintiff could have simply objected to all rate increases, even if Plaintiff was not aware of the reason for the rate increase, and that Plaintiff, therefore, did not lose its right to object. The Contract only sets forth the right to object for Section 5(b) rate increases,

---

[8] Defendant cites a paragraph in the Complaint in which Plaintiff alleges damages suffered by "customers" rather than Plaintiff specifically, *see* ECF No. [40] at 10, but the argument is unpersuasive. By entering into the Contract, Plaintiff became one of Defendant's customers. *See* ECF No. [35] ¶ 18.

not for Section 5(a) rate increases. ECF No. [35] ¶ 26; *see also* [35-1] at 3. Therefore, blindly objecting to all rate increases, without being aware of the reason for the rate increases, would require Plaintiff to risk attempting to exercise a nonexistent right. Plaintiff was not obligated to do so. Plaintiff sufficiently alleges that Defendant's failure to give notice of the reason for the rate increases resulted in Plaintiff's inability to exercise its right to object. The Complaint alleges that Plaintiff suffered damages as a result of not being properly notified of the reason for the rate increases. As such, Count I should not be dismissed.

### ii. Count II

In Count II, Plaintiff asserts a breach of the duty of good faith and fair dealing against Defendant. *See* ECF No. [35] ¶¶ 60-67. In the Motion, Defendant argues that Plaintiff fails to state a breach of the duty of good faith and fair dealing because Plaintiff fails to allege that Defendant breached the Contract. *See* ECF No. [40] at 23-24. Defendant further argues that Count II should be dismissed because it seeks to vary the express rights and obligations of the Contract. *See id.* at 24. Plaintiff responds that Defendant's first argument is unavailing because the Complaint alleges that Defendant breached the Contract. *See* ECF No. [48] at 18. Plaintiff contends that Defendant's second argument is unpersuasive because the Contract requires notice of Section 5(b) rate increases, Count II is based on Defendant's failure to provide adequate notice as required by the Contract, and Count II, therefore, does not attempt to vary the express rights and obligations of the Contract. *See id.* at 18-19.

The Court agrees with Defendant to the extent that a claim for a breach of the duty of good faith and fair dealing requires the breach of an express term of a contract. *See Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1152 (11th Cir. 2005) ("[A] claim for a breach of the implied covenant of good faith and fair dealing cannot be maintained under Florida law in the

absence of a breach of an express term of a contract."). However, as noted above, the Complaint alleges a a breach of an express term of the Contract. The Complaint alleges that Defendant breached Section 5(a) or Section 5(b) of the Contract by raising rates despite the lack of cost increases or by failing to provide adequate notice. *See* ECF No. [35] ¶ 34. Further, because Count II is based on the alleged failure to provide adequate notice and the contention that Plaintiff could not exercise its right to object, Plaintiff does not attempt to vary the express terms of the Contract through Count II. As such, Count II should not be dismissed.

### B. Class Certification

The Court now turns to Defendant's request to strike Plaintiff's class allegations. Defendant argues that the Court should strike Plaintiff's class allegations because they do not satisfy Rule 23. *See* ECF No. [40] at 24-28. Defendant contends that the proposed class definition is overbroad because it includes class members who may not have signed a similar contract with Defendant and have no possible relation to Plaintiff's breach of contract allegations. *See id.* at 26. Defendant also argues that the issue of notice is a purely individual issue. *See id.* at 28. Plaintiff argues that the dismissal of class allegations at the pleading stage is an "extreme remedy" that is appropriate only where Defendant can demonstrate from the face of the Complaint that it will be impossible to certify the class. ECF No. [48] at 19 (quoting *Randy Rosenberg, D.C., P.A. v. GEICO Gen. Ins. Co.*, No. 19-CV-61422, 2019 WL 6828150, at *6 (S.D. Fla. Dec. 13, 2019) (Bloom, J.)).

The Court agrees with Plaintiff. The Eleventh Circuit requires a "rigorous analysis" when addressing class certification, *see Vega,* 564 F.3d at 1266, and courts generally cannot perform such an analysis until discovery has taken place, *see MSPA Claims I, LLC v. Century Sur. Co.*, No. 16-20752-CIV, 2017 WL 998282, at *5 (S.D. Fla. Mar. 15, 2017) ("Because the evidentiary record has not yet been developed, the Court cannot yet make a rigorous analysis."); *see also Mills v.*

13

*Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008) ("[P]recedent . . . counsels that . . . the district court will need to go beyond the pleadings and permit some discovery and/or an evidentiary hearing to determine whether a class may be certified.").

While Defendant raises a legitimate concern that the contract Defendant signed with other class members may not be similar to the Contract Defendant signed with Plaintiff, *see* ECF No. [40] at 26, Plaintiff alleges that the proposed class had identical or substantially similar contracts. *See* ECF No. [35] ¶¶ 42-43. Even if discovery revealed that such allegations were not true, the Court can address the issue of similar or dissimilar contracts at the class certification stage of the proceedings and certify subclasses if necessary. *See* Fed. R. Civ. P. 23(c)(5). Based on Plaintiff's allegations, it is not evident it would be "impossible" to certify the proposed class or cure overbroad class definitions after discovery.

Defendant relies on *In re Atlas Roofing Corp. Chalet Shingle Prods. Liab. Litig.*, 321 F.R.D. 430, 444 (N.D. Ga. 2017), and *Cohen, D.M.D., M.S. v. Implant Innovations, Inc.*, 259 F.R.D. 617, 642 (S.D. Fla. 2008), to argue that notice is an individual issue that cannot be addressed on a class-wide basis, *see* ECF No. [40] at 28, but the cases are inapposite. As Plaintiff correctly points out, the two cases involved notice from each of the customers to the defendant, which is an individual issue. *See* ECF No. [48] at 21. In contrast, the disputed notice here was from Defendant to the customers, and the Complaint alleges that Defendant engaged in a generalized practice regarding notice to all similarly situated customers. *See* ECF No. [35] ¶¶ 34, 42. Therefore, the issue of notice does not create individual issues in this case, and Defendant's request to strike class allegations is denied.

### III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

Case No. 21-cv-62123-BLOOM/Valle

1. Defendant's Motion to Dismiss Amended Complaint and to Strike Class Allegations, **ECF No. [40]**, is **DENIED**.

2. Defendant shall file its Answer to Plaintiff's Complaint by no later than **February 8, 2022**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 25, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record