**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

SUNSHINE CHILDREN'S LEARNING CENTER,
LLC,

Plaintiff,

-vs-

WASTE CONNECTIONS OF FLORIDA, INC.,

Defendant.

Case No.: 0:21-CV-62123

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Waste Connections of Florida, Inc. ("Waste Connections"), by and through its undersigned counsel, hereby answers the Amended Complaint of Sunshine Children's Learning Center, LLC ("Sunshine" or "Plaintiff").

## NATURE OF THE CASE

1.      Waste Connections admits the first sentence of Paragraph 1.  The second sentence of Paragraph 1 is vague and undefined and Waste Connections therefore lacks sufficient information to admit or deny it.

2.      Paragraph 2 contains Sunshine's purported arguments, opinions, and legal conclusions, to which no response is required; if a response is required, these assertions are denied.

3.      Waste Connections admits it is a waste hauling company and that it hauls customers' waste pursuant to contractual agreements.  The term "form contracts" in Paragraph 3 is vague and undefined, and assertions referencing this term are therefore denied.  The remainder of the allegations in Paragraph 3 contain Sunshine's purported arguments, opinions, and legal conclusions, to which no response is required; if a response is required, these assertions are denied.

4.      Denied.

5.      Denied.

6.      Denied.

7.      Paragraph 7 contains Sunshine's purported arguments and legal conclusions, to which no response is required; if a response is required, these assertions are denied.

### PARTIES

8.      Waste Connections is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9.      Waste Connections admits that it is a Delaware corporation, registered to do business in Florida.  Waste Connections admits that it is a subsidiary of Waste Connections, Inc., a publicly-traded company that is the third-largest waste management provider in North America. Waste Connections' alleged Delaware citizenship is a legal conclusion to which no response is required.  The market capitalization of non-party Waste Connections, Inc. is a matter of public record and Waste Connections lacks knowledge or information beyond the public record sufficient to admit or deny the allegation.

### JURISDICTION AND VENUE

10.      Admitted.

11.      Waste Connections admits the personal jurisdiction and venue of this Court.

### FACTUAL ALLEGATIONS

A.      **The Contract**

12.      Waste Connections is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13.      Waste Connections admits the first sentence of Paragraph 13.  As to the second sentence, Waste Connections admits that Progressive Waste Solutions of FL, Inc. changed its name

to Waste Connections of Florida, Inc., which is referred to throughout this First Amended Complaint as "Defendant." Waste Connections denies any remaining allegations.

14.     To the extent the allegations in Paragraph 14 purport to characterize the contractual agreement between the parties, the agreement speaks for itself and its interpretation is a purported legal conclusion to which no response is required. Waste Connections denies that Plaintiff was "presented" with the parties' contract but admits that the parties entered a contract.

15.     The terms "form contract" and "substantially similar" in Paragraph 15 are vague and undefined, and assertions referencing these terms are therefore denied. The allegations in Paragraph 15 also contain Sunshine's purported arguments and legal conclusions, to which no response is required; if a response is required, these assertions are denied. To the extent the allegations in Paragraph 15 purport to characterize the contractual agreement between the parties, the agreement speaks for itself and its interpretation is a purported legal conclusion to which no response is required.

16.     To the extent the allegations in Paragraph 16 purport to characterize the contractual agreement between the parties, the agreement speaks for itself and its interpretation is a purported legal conclusion to which no response is required.

17.     To the extent the allegations in Paragraph 17 purport to characterize the contractual agreement between the parties, the agreement speaks for itself and its interpretation is a purported legal conclusion to which no response is required.

18.     To the extent the allegations in Paragraph 18 purport to characterize the contractual agreement between the parties, the agreement speaks for itself and its interpretation is a purported legal conclusion to which no response is required. Waste Connections admits that Plaintiff's signature on the contract is dated October 17, 2013.

19.     To the extent the allegations in Paragraph 19 purport to characterize the contractual agreement between the parties, the agreement speaks for itself and its interpretation is a purported legal conclusion to which no response is required.

20.     Denied.

21.     Denied.

22.     To the extent the allegations in Paragraph 22 purport to characterize the contractual agreement between the parties, the agreement speaks for itself and its interpretation is a purported legal conclusion to which no response is required.  Waste Connections denies that the contract is an "example" of Sunshine's allegations.

23.     To the extent the allegations in Paragraph 23 purport to characterize the contractual agreement between the parties, the agreement speaks for itself and its interpretation is a purported legal conclusion to which no response is required.

24.     The allegations in Paragraph 24 contain Sunshine's purported arguments and legal conclusions, to which no response is required; if a response is required, these assertions are denied. To the extent the allegations in Paragraph 24 purport to characterize the contractual agreement between the parties, the agreement speaks for itself and its interpretation is a purported legal conclusion to which no response is required.

25.     To the extent the allegations in Paragraph 25 purport to characterize the contractual agreement between the parties, the agreement speaks for itself and its interpretation is a purported legal conclusion to which no response is required.

26.     To the extent the allegations in Paragraph 26 purport to characterize the contractual agreement between the parties, the agreement speaks for itself and its interpretation is a purported

legal conclusion to which no response is required. Waste Connections denies the allegations of Paragraph 26 about the legibility of the contract.

27. The allegations in Paragraph 27 contain Sunshine's purported arguments and legal conclusions, to which no response is required; if a response is required, these assertions are denied. To the extent the allegations in Paragraph 27 purport to characterize the contractual agreement between the parties, the agreement speaks for itself and its interpretation is a purported legal conclusion to which no response is required.

28. The allegations in Paragraph 28 contain Sunshine's purported arguments and legal conclusions, to which no response is required; if a response is required, these assertions are denied. To the extent the allegations in Paragraph 28 purport to characterize the contractual agreement between the parties, the agreement speaks for itself and its interpretation is a purported legal conclusion to which no response is required.

29. The allegations in Paragraph 29 contain Sunshine's purported arguments and legal conclusions, to which no response is required; if a response is required, these assertions are denied. To the extent the allegations in Paragraph 29 purport to characterize the contractual agreement between the parties, the agreement speaks for itself and its interpretation is a purported legal conclusion to which no response is required. The last sentence of Paragraph 29 is denied.

30. The allegations in Paragraph 30 contain Sunshine's purported arguments and legal conclusions, to which no response is required; if a response is required, these assertions are denied. To the extent the allegations in Paragraph 30 purport to characterize the contractual agreement between the parties, the agreement speaks for itself and its interpretation is a purported legal conclusion to which no response is required. Allegations concerning customer behavior are denied.

31.     Denied.

**B.      The Overcharges and Breaches**

32.     The allegations in Paragraph 32 contain Sunshine's purported arguments and legal conclusions, to which no response is required; if a response is required, these assertions are denied. To the extent the allegations in Paragraph 32 purport to characterize the contractual agreement between the parties, the agreement speaks for itself and its interpretation is a purported legal conclusion to which no response is required.

33.     Denied.

34.     a.  Waste Connections admits that the effective date of the contract is October 17, 2013.  Waste Connections admits that the invoice for the month of February 2014 reflects increases to its monthly service and disposal charges to Plaintiff from $40.32 and $43.68, respectively, to $47.58 and $51.54.  The remaining allegations of Paragraph 34.a are denied.

b.  Waste Connections admits that the invoices for the following months reflect increases to its monthly service and disposal charges to Plaintiff: September 2014 (to $57.10 and $61.85, respectively), August 2015 (to $68.52 and $74.22, respectively); June 2016 (to $82.22 and $89.06, respectively); March 2017 (to $98.66 and $106.87, respectively); February 2018 (to $113.46 and $122.90, respectively); February 2019 (to $130.00 and $141.00, respectively); September 2019 (to $153.40 and $166.38, respectively); and September 2020 (to $176.42 and $191.34, respectively).  The remaining allegations of Paragraph 34.b are denied.

35.     Denied, including the quotation of Waste Connections' Form 10-K, which omits a material part of the quoted sentence.

36.     The allegations in Paragraph 36 contain Sunshine's purported arguments and legal conclusions, to which no response is required; if a response is required, these assertions are denied.

37.     Denied.

38.     Waste Connections admits that it invoiced Sunshine and other customers on a monthly basis, and denies the remaining allegations of Paragraph 38.

39.     Denied.

40.     Denied.

41.     Waste Connections admits that its contract with the local governmental authority in Hillsborough County ended on January 30, 2022, and consequently, Waste Connections no longer has a right to provide waste hauler services in Plaintiff's area.  To the extent the allegations in Paragraph 41 purport to characterize the contractual agreement between the parties, the agreement speaks for itself and its interpretation is a purported legal conclusion to which no response is required.

42.     Denied.

43.     Denied.

## CLASS REPRESENTATION ALLEGATIONS

44.     Paragraph 44 asserts conclusions of law to which no response is required.  To the extent a response is required, Waste Connections denies that class treatment is appropriate for the identified group of plaintiffs and further denies all remaining allegations in Paragraph 44.

45.     Paragraph 45 asserts conclusions of law to which no response is required.  To the extent a response is required, Waste Connections denies that class treatment is appropriate for the identified group of plaintiffs and further denies all remaining allegations in Paragraph 45.

46.     Paragraph 46 asserts conclusions of law to which no response is required.  To the extent a response is required, Waste Connections denies that class treatment is appropriate for the identified group of plaintiffs and further denies all remaining allegations in Paragraph 46.

47.     Paragraph 47 asserts conclusions of law to which no response is required.  To the extent a response is required, Waste Connections denies that class treatment is appropriate for the identified group of plaintiffs and further denies all remaining allegations in Paragraph 47.

48.     Paragraph 48 asserts conclusions of law to which no response is required.  To the extent a response is required, Waste Connections denies that class treatment is appropriate for the identified group of plaintiffs and further denies all remaining allegations in Paragraph 48.  Waste Connections denies as stated the overbroad allegation that it "tracks its customers, their contracts, their payments, notices, invoices, and Defendant's increase in monthly charges electronically." Waste Connections denies that members of the class will be "easily ascertained."  The terms "offices" and "facilities" in Paragraph 48 are vague and undefined, and Waste Connections therefore lacks sufficient information to admit or deny assertions referencing these terms.

49.     The term "form contracts" in Paragraph 49 is vague and undefined, and assertions referencing this term are therefore denied.  Paragraph 49, including subparts a through i inclusive, also assert conclusions of law to which no response is required.  To the extent a response is required, Waste Connections denies that class treatment is appropriate for the identified group of plaintiffs and further denies all remaining allegations in Paragraph 49, including its subparts.

50.     The term "substantially similar" in Paragraph 50 is vague and undefined, and assertions referencing this term are therefore denied.  Paragraph 50 also asserts conclusions of law to which no response is required.  To the extent a response is required, Waste Connections denies that class treatment is appropriate for the identified group of plaintiffs and further denies all remaining allegations in Paragraph 50.

51.     Paragraph 51 asserts conclusions of law to which no response is required.  To the extent a response is required, Waste Connections denies that class treatment is appropriate for the

identified group of plaintiffs and further denies all remaining allegations in Paragraph 51. Waste Connections lacks information sufficient to admit or deny allegations regarding the experience or commitment of Sunshine's counsel.

52.     Paragraph 52 asserts conclusions of law to which no response is required. To the extent a response is required, Waste Connections denies that class treatment is appropriate for the identified group of plaintiffs and further denies all remaining allegations in Paragraph 52.

53.     Paragraph 53 asserts conclusions of law to which no response is required. To the extent a response is required, Waste Connections denies that class treatment is appropriate for the identified group of plaintiffs and further denies all remaining allegations in Paragraph 53.

## COUNT ONE
## BREACH OF CONTRACT

54.     Waste Connections restates and reincorporates its responses in Paragraphs 1 through 53 above as if fully stated herein.

55.     The first sentence of Paragraph 55 is admitted. As for the remainder of Paragraph 55, the terms "form contract" and "substantially the same" in Paragraph 55 are vague and undefined, and any allegations in Paragraph 55 referencing these terms are denied on that ground as well. The allegations in Paragraph 55 also contain Sunshine's purported arguments and legal conclusions, to which no response is required; if a response is required, these assertions are denied.

56.     The term "form contract" in Paragraph 56 is vague and undefined, and any allegations in Paragraph 56 referencing that term are denied on that ground as well. The allegations in Paragraph 56 also contain Sunshine's purported arguments and legal conclusions, to which no response is required; if a response is required, these assertions are denied.

57.     The allegations in Paragraph 57 contain Sunshine's purported arguments and legal conclusions, to which no response is required; if a response is required, these assertions are denied.

58.     The allegations in Paragraph 58 contain Sunshine's purported arguments and legal conclusions, to which no response is required; if a response is required, these assertions are denied.

59.     The allegations in Paragraph 59 contain Sunshine's purported arguments and legal conclusions, to which no response is required; if a response is required, these assertions are denied.

<u>**COUNT TWO**</u>
<u>**BREACH OF CONTRACT – GOOD FAITH AND FAIR DEALING**</u>

60.     Waste Connections restates and reincorporates its responses in Paragraphs 1 through 53 above as if fully stated herein.

61.     The allegations in Paragraph 61 contain Sunshine's purported arguments and legal conclusions, to which no response is required; if a response is required, these assertions are denied.

62.     The allegations in Paragraph 62 contain Sunshine's purported arguments and legal conclusions, to which no response is required; if a response is required, these assertions are denied.

63.     The allegations in Paragraph 63 contain Sunshine's purported arguments and legal conclusions, to which no response is required; if a response is required, these assertions are denied.

64.     The allegations in Paragraph 64 contain Sunshine's purported arguments and legal conclusions, to which no response is required; if a response is required, these assertions are denied.

65.     The term "form contract" in Paragraph 65 is vague and undefined, and assertions referencing this term are therefore denied.  The allegations in Paragraph 65 also contain Sunshine's purported arguments and legal conclusions, to which no response is required; if a response is required, these assertions are denied.

66.     The allegations in Paragraph 66 contain Sunshine's purported arguments and legal conclusions, to which no response is required; if a response is required, these assertions are denied.

67.     The allegations in Paragraph 67 contain Sunshine's purported arguments and legal conclusions, to which no response is required; if a response is required, these assertions are denied.

Except as otherwise expressly admitted above, Waste Connections denies each and every remaining allegation in Sunshine's Amended Complaint.

## AFFIRMATIVE DEFENSES

Waste Connections sets forth below separate and affirmative defenses to the claims asserted in Sunshine's Amended Complaint.  By setting forth these affirmative defenses, Waste Connections does not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to Sunshine.  Nor shall anything stated or unstated constitute an admission of any kind.

### FIRST AFFIRMATIVE DEFENSE
### (Voluntary Payment Doctrine)

Sunshine's claims are barred under Florida's voluntary payment doctrine because all of Sunshine's payments were made under a claim of right with knowledge of the facts.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Sunshine's claims that accrued prior to the statutorily-defined limitations period are barred by Florida's statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Laches)

Sunshine's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
### (Lawful Conduct)

All activities of Waste Connections as relevant to the alleged claims stated in Sunshine's Amended Complaint conformed to statutes, governmental regulations, industry standards, and the parties' service agreement based upon the state of knowledge existing at the relevant time.

### FIFTH AFFIRMATIVE DEFENSE
**(Consent)**

Sunshine's alleged causes of action are barred, in whole or in part, because, on information and belief, Sunshine has consented to its alleged damages by voluntarily negotiating and entering into the service agreement with Waste Connections.

### SIXTH AFFIRMATIVE DEFENSE
**(Justification)**

Sunshine's Amended Complaint, and its alleged causes of action stated therein, are barred because Waste Connections' conduct at all relevant times was fully justified, in conformance with the parties' service agreement, and in good faith.

### SEVENTH AFFIRMATIVE DEFENSE
**(Acquiescence)**

Sunshine acquiesced in accepting the terms of the service agreement offered to it by Waste Connections, and Sunshine's damages, if any, were proximately caused by its own acquiescence.

### EIGHTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

Sunshine's alleged claims for relief are barred to the extent that Sunshine failed to minimize, mitigate, or avoid any alleged losses or damages.

### NINTH AFFIRMATIVE DEFENSE
**(Waiver/Estoppel)**

Sunshine has waived its claims against Waste Connections and is estopped from bringing its claims.

### TENTH AFFIRMATIVE DEFENSE
**(Reservation of Rights)**

Waste Connections reserves the right to assert any additional affirmative defenses that may develop through discovery, at trial, or otherwise in this matter as appropriate and to amend this Answer accordingly.  No defense is being knowingly or intentionally waived.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered, Waste Connections respectfully requests that the

Court enter judgment against Sunshine as follows:

A.   Deny and dismiss with prejudice all claims asserted against Waste Connections in the Amended Complaint;

B.   Award to Waste Connections all attorneys' fees and costs allowed by law; and

C.   Award Waste Connections such other relief as the Court may deem just and proper.


DATED: February 8, 2022

By: /s/ *Samuel L. Felker*

Samuel L. Felker, Esq.
Florida Bar No. 123800
**Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.**
1 Financial Plaza, Suite 1620
Fort Lauderdale, Florida 33394
Telephone: (954) 768-1600
Facsimile: (954) 337-7636
samfelker@bakerdonelson.com
FLLService@bakerdonelson.com

Eric L. Klein
Megan R. Brillault
James B. Slaughter
**Beveridge & Diamond, P.C.**
1900 N. St., NW, Suite 100
Washington, DC 20036
Telephone: (202) 789-6000
Facsimile: (202) 789-6190
eklein@bdlaw.com
mbrillault@bdlaw.com
jslaughter@bdlaw.com

*Counsel for Defendant
Waste Connections of Florida, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that February 8, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF electronic filing system which in turn will serve a copy by electronic mail on all counsel or parties of record.

*s/ Samuel L. Felker*
Samuel L. Felker