**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-cv-62123-BB**

SUNSHINE CHILDREN'S LEARNING
CENTER, LLC, on behalf of itself and all
others similarly situated,

<u>CLASS REPRESENTATION</u>

   Plaintiff,

v.

WASTE CONNECTIONS OF FLORIDA,
INC.,

   Defendant.
_____/

**<u>MOTION FOR SANCTIONS</u>**

Throughout discovery, Defendant Waste Connections of Florida, Inc. has shown that it believes delay and obfuscation are acceptable litigation tactics. Rather than produce basic information concerning its rate adjustment practices in a timely manner as Rule 26 requires, Defendant has continually resisted, forcing Plaintiff Sunshine Children's Learning Center, LLC to engage in repeated "meet-and-confer" sessions and motions to compel (all of which the Court has resolved in Plaintiff's favor). *See* ECF Nos. 81, 89, 104. Defendant's latest skullduggery, however, has gone too far and will unfairly prejudice Plaintiff's forthcoming motion for class certification (due January 5, 2023) unless the Court enters a sanction barring Defendant from using its untimely-disclosed materials to oppose that motion. *See* ECF No. 120.

First, at 10:55 p.m. on December 15th – the Court's deadline for completing class discovery (ECF No. 103) – Defendant made a production of new documents that it indicated it would use to oppose class certification. *See* 12/15/22 Production Letter (Ex. A); Plaintiff's 11/19/21 RFPD No. 58 (requesting all documents Defendant will use to oppose class certification) (Ex. B). Although these documents should have been produced many months ago – so that Plaintiff could have tested them during depositions and/or through consultations with Plaintiff's experts – Defendant chose instead to sandbag Plaintiff by producing the documents the day *after* the final class certification expert deposition and 65 minutes before class discovery expired. This is just the latest example of Defendant's practice of delaying production of relevant documents. Indeed, over the last 30 days, Defendant's "rolling" document production has **doubled in size** (from 8,900 pages to 18,300 pages). *See* Other November/December Production Letters (Ex. C). So, while Plaintiff was preparing for and taking depositions of Defendant's fact witnesses on the first 8,900 pages (which were produced over the course of ten months), Defendant was burying Plaintiff with additional documents its counsel could not

possibly review and digest in time to incorporate into such depositions. Again, these are all documents which could have (and should have) been produced months ago.

Second, Defendant has failed to comply with this Court's latest order, which compelled Defendant to make expert disclosures related to "the factual basis of Plaintiff's rate increases" by December 9, 2022.[1] *See* ECF No. 111. Defendant did produce an expert report on this date but it was incomplete, with the proffered expert claiming he ran out of time and thus had been unable to reach any conclusions as to the factual basis of Plaintiff's rate increases. Indeed, the expert stated "as of the date of this report, I have not yet attempted to allocate the P&L level costs down to a specific line of business, route, or customers to calculate the costs to service Sunshine." Defendant insists it expects to produce a "supplement" to the report (presumably with the expert's actual conclusions) sometime this week (i.e., after the deadline and while Plaintiff is in the middle of briefing its motion for class certification). *See* Klein Email (Ex. D).

Defendant's proposed remedy for its malfeasance is to permit Plaintiff to redepose Defendant's witnesses out of time over the holidays (and while the schedule afforded Plaintiff time to focus on briefing class certification). *Id.* This is an offensive suggestion. Not only does Defendant want to further distract Plaintiff with more depositions that would have been entirely unnecessary had Defendant produced the documents months ago when they were requested, but Defendant insists Plaintiff pay for the associated fees and costs.

The Court should put an end to Defendant's gamesmanship once and for all by entering an order sanctioning Defendant and barring it from using in opposition to class certification (1) any of the documents it produced on or after December 15th and (2) any expert-related reports or

---

[1] The original deadline for this report was November 18th but Defendant obtained a short reprieve to December 9th by filing a "motion for clarification," which the Court later rejected. *See* ECF Nos. 105, 111.

[2360063/1]  2

disclosures that were not served by December 9th. Plaintiff is hopeful this modest sanction will encourage Defendant to comply with its discovery obligations in a timely, diligent manner going forward (and without requiring Plaintiff to file motions to obtain such compliance).

## **BACKGROUND**

The record is littered with examples of Defendant's dilatory and obfuscatory conduct:

- Plaintiff's initial discovery requests were served on November 19, 2021, more than one year ago. *See* Ex. B. In response Defendant moved to stay discovery, which the Court denied. *See* ECF Nos. 43, 58. Still Defendant refused to submit *any* responses, forcing Plaintiff to move to compel. *See* ECF No. 64. Thereafter, Defendant submitted responses that were littered with objections. After a meet-and-confer process, Defendant agreed to amend, but still refused to produce a limited scatter sample of its customers' files so the parties could test the allegation that other customers receiving Defendant's rate increases were similarly situated to Plaintiff. Defendant only produced these files *after* the Court compelled it to do so. Even then, it did not produce complete customer files by the deadline set by the Court, but rather produced this material via a "rolling production" over the course of several months. *Compare* ECF No. 81 (ordering production by June 3rd) *with* Production Letters dated June 23rd, July 5th, July 18th, August 2nd (noting production of sample customer files after deadline). This delayed production hampered Plaintiff's ability to comply with the Court's class certification expert disclosure deadlines and also forced Plaintiff to pay its experts to submit supplemental reports analyzing additional sample customer data that was not produced in a timely fashion.

- Meanwhile, the parties were discussing Defendant's inadequate interrogatory responses. Three times Defendant promised to cure such deficiencies, but instead continued to provide cagy answers concerning Plaintiff's rate increases. After Defendant's ***third*** attempt still

refused to directly answer the simple, straightforward questions posed, Plaintiff was again forced to move to compel. *See* ECF No. 93. This Court again granted the motion, calling Defendant's responses "at best, equivocal and evasive." *See* ECF No. 104, p. 3.

- Although expert reports related to class certification issues were due in July 2022 (ECF No. 80), Defendant failed to serve any expert report related to the factual basis of Plaintiff's rate increases by these deadlines (despite saying in its interrogatory responses such an expert analysis proved "uncommon issues" amongst class members). The Court compelled Defendant to disclose this expert by November 18, 2022. *See* ECF No. 104, p. 6. Defendant did not do so. Indeed, although Defendant had been referring to this expert's analysis for months in interrogatory responses, *Defendant did not even retain the expert until November 18, 2022*. Because its delay precluded it from complying with the Court's order, Defendant instead filed a "motion for clarification," asking for the deadline to be extended until December 16, 2022 (the day after class discovery was set to expire). *See* ECF No. 105. The Court granted Defendant an extension, but only until December 9, 2022. *See* ECF No. 111. On December 9th, Defendant produced a report from an expert who claimed he did not have sufficient time to complete an analysis into the factual basis of Plaintiff's rate increases. Defendant's counsel indicates Defendant expects to serve a supplemental report sometime this week (i.e., *after* the deadline ordered by the Court and *after* the close of class certification discovery). *See* Klein Email.

- As of mid-November 2022, there was one month remaining in the class certification discovery period. Over the prior year, Defendant had produced 8,900 pages of documents, which Plaintiff's counsel had reviewed and organized in preparation for depositions. Given Defendant's delays in producing documents and answering basic interrogatories in a straightforward manner, Plaintiff had little time to take necessary depositions. Plaintiff

scheduled Defendant's Rule 30(b)(6) deposition, five additional fact witness depositions, and two expert depositions to occur from November 17th to December 14th. While Plaintiff was preparing for and taking these depositions, Defendant was dumping 9,400 additional pages of documents on Plaintiff, more than doubling the size of its production. *See* November/December Production Letters. These productions often came the *night before* scheduled depositions. *E.g.*, 11/28/22 Production Letter/Email (producing 750 pages of documents at 7:15 p.m. the night before 11/29/22 deposition of Defendant's District Sales Manager Shari Rheuble).

- The straw that broke the camel's back came at 10:55 p.m. on the December 15th deadline for completing class discovery when Defendant made a production of new documents that it indicated were responsive to Plaintiff's RFPD No. 58, which sought documents Defendant would use to oppose class certification. *See* 12/15/22 Production Letter; RFPD No. 58. These documents include emails relating to rate increases at issue in this case that were prepared by witnesses Plaintiff has already deposed and were part of agreed ESI discovery. They also include contracts, billing data, and notices associated with commercial customers that are ***not*** included within the random scatter sample of customers. Apparently, Defendant has decided that the 447 randomly selected customer files do not support whatever arguments it wants to make on class certification, so it apparently has abandoned its prior position before the Court that pulling such files is too burdensome and has "cherry picked" those from non-sample customer files it believes will support its arguments.

## ARGUMENT

**I.    Relevant Law.** Courts have broad discretion to supervise discovery. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). "This power includes the ability to impose sanctions on uncooperative litigants." *Phipps v. Blakeney*, 8 F.3d 788, 790

(11th Cir. 1993) (citing Fed. R. Civ. Pro. 37(b)(2)(C)); *Nat'l Hockey League*, 427 U.S. at 643 (sanctions are imposed "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct"). Courts also impose sanctions to "prevent unfair prejudice to litigants and insure the integrity of the discovery process." *United States v. One 32' Scorpion Go-Fast Vessel*, 339 F. App'x 903, 905 (11th Cir. 2009); *Sirer v. Aksoy*, No. 21-cv-22280, 2022 WL 3154184, *2 (S.D. Fla. Aug. 8, 2022).

Federal Rule of Civil Procedure 37(b)(2)(C) "gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). This power, however, is governed by "the Due Process Clause of the Fifth Amendment. To comply with the Due Process Clause, a court must impose sanctions that are both 'just' and 'specifically related to the particular 'claim'" affected by the misconduct. *Serra Chevrolet, Inc. v. General Motors Corp.*, 446 F.3d 1137, 1151 (11th Cir. 2006) (internal citation omitted).

"'The party seeking sanctions under Rule 37 bears the burden of establishing that an opposing party failed to comply with Rule 26 or a discovery order. If the party can establish that a discovery violation occurred, that party then has the burden of establishing the appropriateness of a requested sanction at least by a preponderance of the evidence.'" *Cutlass Collieries, LLC v. Jones*, No. 20-CV-80001-RLR, 2021 WL 6135152, *1 (S.D. Fla. Dec. 7, 2021) (quoting *DeepGulf Inc. v. Moszkowski*, 333 F.R.D. 249, 254 (N.D. Fla. 2019)).

**II.**     **Discussion.**  Here, Defendant has demonstrated a pattern of delay and obfuscation during the discovery process. Most recently, Defendant waited until literally the 11th hour (10:55 p.m. on the last day of discovery) to produce responsive documents it could have produced months ago (and before Plaintiff commenced taking depositions of its witnesses). This

violated Rule 26(e), which requires a party who has responded to a request for production to continually supplement its production in a timely manner, as well as Rule 26(a)(1)(A)(ii) which requires a party to produce "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Defendant also violated Rule 37(b) when it failed to comply with the Court's Order to disclose its expert's opinions on the factual basis of Plaintiff's rate increases by December 9, 2022. Indeed, Defendant concedes that the report it served on December 9th is incomplete and it will need to supplement its opinions after this deadline (which had already been extended by the Court). Plaintiff has met its burden of showing Defendant's malfeasance.

In considering whether a sanction should be imposed – and what sanction should be imposed – courts should consider the following factors (*see DeepGulf*, 333 F.R.D. at 254 (citations omitted)), all of which support the requested sanction in this case:

1. **the purposes to be served by the imposition of sanctions, including deterrence of future discovery violations, punishment of current violations, compensation of the offended party, and conservation of the court's time and resources;**

The purpose of this motion is to prevent Defendant from gaining an unfair advantage by producing relevant material in an untimely fashion and to dissuade it from continuing its documented pattern of gamesmanship moving forward. Indeed, Defendant's ongoing conduct shows that unless it is sanctioned it will continue to litigate this case unfairly and inefficiently.

2. **the importance of the materials that were not produced – from the perspective of the offended party's ability to litigate the case – and what prejudice, if any, the offended party suffered;**

Defendant has indicated that it will use the untimely-disclosed materials to oppose class certification – the very subject matter on which the parties have been conducting discovery for the past year. Plaintiff has been prejudiced by the late disclosure because it never had an opportunity to test these materials during this period. *Bowe v. Public Storage*, 106 F. Supp. 3d

1252, 1260 (S.D. Fla. 2015) ("'Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question'") (quotation omitted).

**3. if the offended party suffered prejudice, the monetary cost suffered, if any;**

While Defendant's conduct in this case has indisputably cost Plaintiff and its counsel substantial resources (e.g., the time and expense associated with preparing the two prior motions to compel and this motion, as well as defending Defendant's baseless "motion for clarification"), Plaintiff does not seek a monetary sanction because Plaintiff does not believe it would deter Defendant from further wrongdoing.  Only precluding Defendant from profiting from its transgressions is expected to have any impact.

**4. whether the discovery caused important events to be delayed (such as a trial) and, if so, the extent of the delay;**

At the outset of this case, the Court put this case on a very tight schedule.  Plaintiff has endeavored to litigate the case within that schedule.  Defendant, however, conducted discovery at its own pace.  Now that such delays have prejudiced Plaintiff, Defendant proposes to consent to an extension of the schedule.  The Court, however, has by this point made it clear that it wants to keep the case on the current schedule and Plaintiff intends to do that, by filing its motion for class certification by January 5, 2023.

**5. whether the offending party violated a specific order of the court instructing it to provide the offended party with an item or materials;**

Defendant violated the Court's Order commanding it to disclose its experts on the factual basis for Plaintiff's rate increases by December 9, 2022.  *See* ECF No. 111.

**6. whether the discovery violation(s) placed a burden on the district court and, if so, the extent of the burden;**

Defendant's misconduct has placed a burden on this Court, which has been forced to expend resources resolving a total of five discovery motions.

7. **whether the offending party committed a single discovery violation or multiple violations;**

Multiple violations.  *See* pp. 1-5, *supra*.

8. **the offending party's asserted justification for its conduct, if any, and its legitimacy;**

Defendant contends "it is only within the past ten days that" Defendant became aware Plaintiff "intends to argue that all rate increases are Section 5(b) increases and that all rate increases were improperly noticed."  *See* Klein Email.  This is nonsense; this has been Plaintiff's theory since the inception of this case.  *See* First Amended Complaint, ¶¶ 35 (arguing "there were no increases in Defendant's costs or the CPI during the class period that could have possibly justified its massive (and often bi-annual) price hikes pursuant to Paragraph 5(a)"), 38 ("Defendant provided no prior Notice of its increases and simply changed the charges and demanded customers pay them").  Defendant's attempt to feign ignorance as to Plaintiff's theories to justify its untimely disclosures is without merit.   It also defies logic that experienced counsel, as we have in this case, were unable to understand why Plaintiff was so persistent in uncovering the factual basis of its rate increases (i.e., because this answer is essential to whether notice is required under the contract).

9. **whether the discovery violation was committed willfully, in bad faith, inadvertently, or due to a party's inability or excusable neglect;**

The pattern of discovery abuses committed by Defendant throughout this case shows that its actions are not inadvertent.  Rather, they were done intentionally to either gain an unfair advantage or to force an extension of the Court's schedule.

10. **whether the discovery violation(s) is attributable to the client, counsel, or both;**

Plaintiff takes no position on who is behind the malfeasance, Plaintiff just wants it to end.

**11. whether the offending party was warned that sanctions or a specific sanction might be imposed, but disregarded such warning;**

Defendant was told this motion would be filed and was asked to stipulate that it would not use the untimely disclosed materials in opposition to class certification. Defendant refused.

**12. whether any lesser sanction would substantially serve the same purposes as a more severe sanction; and**

Plaintiff does not believe it would. The lesser sanction would be extending the deadline for filing the motion for class certification so Plaintiff could take a second round of depositions to depose Defendant's witnesses on the new documents and submit more expert reports related to the new documents. The delay occasioned with such time-consuming tasks would only serve to reward Defendant for its misconduct and further delay the resolution of this case. It would also come at great expense and based on calendars may be impossible to conduct in a timely manner.

**13. whether the requested sanction would be just in light of the particular circumstances of the case and whether it is proportional to the harm inflicted.**

The requested sanction would not preclude Defendant from using the untimely disclosed materials at all in the case, rather it would only preclude it from using them in opposition to class certification. This would cause only minor prejudice to Defendant because it already has more than 18,000 documents, four expert reports, 447 sample customer files, and 15 deposition transcripts available to it to oppose class certification. However, the sanction would relieve the prejudice Plaintiff has suffered due to the untimely disclosure and deter Defendant from future discovery misconduct.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order sanctioning Defendant and barring it from using in opposition to class certification (1) any of the documents it produced on or after December 15th and (2) any expert-related reports or disclosures that were not served by December 9th.

## S.D. FLA. LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues raised in this Motion.

Dated: December 20, 2022

Respectfully submitted,

**ZEBERSKY PAYNE SHAW LEWENZ, LLP**

**Edward H. Zebersky**
Edward H. Zebersky, Esq. (FBN: 908370)
Jordan Shaw, Esq. (FBN: 11171)
Mark S. Fistos, Esq. (FBN: 909191)
110 Southeast 6th Street, Suite 2900
Fort Lauderdale, FL 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
ezebersky@zpllp.com
jshaw@zpllp.com
mfistos@zpllp.com
nesponda@zpllp.com

E. Adam Webb, Esq. (*pro hac vice*)
Matthew C. Klase, Esq. (*pro hac vice*)
**WEBB, KLASE & LEMOND, LLC**
1900 The Exchange, S.E., Suite 480
Atlanta, GA 30339
Telephone: (770) 444-9325
Facsimile: (770) 444-0271
adam@webbllc.com
matt@webbllc.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 20, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified in the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

<u>Edward H. Zebersky</u>
Edward H. Zebersky

## SERVICE LIST

*Sunshine Children's Learning Center v. Waste Connections, USDC 21-cv-62123-BB*

**Counsel for Defendant**:

Samuel L. Felker, Esq.
Desislava K. Doscheva, Esq.
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
100 S.E. Third Avenue, Suite 1620
Fort Lauderdale, FL 33394
Telephone: (954) 768-1600
Facsimile: (954) 337-7636
samfelker@bakerdonelson.com
krussel@bakerdonelson.com
rmciver@bakerdonelson.com
ddocheva@bakerdonelson.com
fllservice@bakerodnel.com

Eric L. Klein, Esq. (*pro hac vice*)
Megan R. Brillault, Esq. (*pro hac vice*)
James B. Slaughter, Esq. (*pro hac vice*)
Casey T. Clausen, Esq. (*pro hac vice*)
**BEVERIDGE & DIAMOND, P.C.**
1350 I Street, N.W., Suite 700
Washington, DC 20005-3311
Telephone: (202) 789-6000
Facsimile: (202) 789-6190
eklein@bdlaw.com
mbrillault@bdlaw.com
jslaughter@bdlaw.com
cclausen@bdlaw.com